## Case No. 6,844.

### HUGHES v. BALTIMORE.

[Taney, 243.] [1]

Circuit Court, D. Maryland. April Term, 1855.

MUNICIPAL CORPORATIONS — OPENING OF STREETS —NEGLIGENCE—UNCOVERED DRAIN—SUIT FOR DAMAGES.

1. Where the mayor and city council of Baltimore were sued for damages sustained by the plaintiff, in falling into an uncovered drain, across one of the defendant's streets; *Held*, that the city authorities were the exclusive judges of the time, place and manner in which the streets should be opened, graded, paved and made highways.

2. The omission of the city to grade and improve Canal street, at the point where the accident happened, and to place a rail on the side, or to cover it over, so as to make it a thoroughfare for public travel, was not, of itself, such negligence as would support the action.

This was an action on the case [against the mayor and city council] to recover damages sustained by the plaintiff [James Hughes], by falling into Harford run, where it crossed Canal street, in the city of Baltimore.

J. M. Harris and W. H. Travers, for plaintiff.

G. L. Dulaney, for defendants.

TANEY, Circuit Justice (charging jury). 1. That the city authorities are the exclusive judges of the time, place and manner in which the streets shall be opened, graded and paved, and made highways.

2. That the omission of the city to grade and improve Canal street, at the point where this accident happened, and to place a rail on the side, or to cover it over, so as to make it a thoroughfare for public travel, is not, of itself, such negligence as will support this action.

3. If the accident which happened to the plaintiff was occasioned by his attempting to walk over Harford run, where there was no bridge, or on the wall by its side, or on the rough and uneven ground between the railroad and canal, or by mistaking his way up and across said street, he is not entitled to recover.

Verdict for defendants.